■ In the Matter of BURTON WESTON et al., Respondents, v STEVEN SLOAN, as Secretary of the Senate, Appellant. [607

NYS2d 478] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered February 26, 1993 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying petitioners' request for information under the Freedom of Information Law.

Petitioner Burton Weston requested from respondent, pursuant to the Freedom of Information Law (Public Officers Law art 6), records pertaining to the number, cost and recipients of various mailings sent by State Senator Michael Tully in his role as Senator or a Senate Committee Chair from January 1, 1991 to September 16, 1992. The request was denied and petitioners commenced this CPLR article 78 proceeding. Supreme Court annulled respondent's determination and directed that the information be provided. Respondent appeals.

Public Officers Law § 84 states that "[t]he more open a government is with its citizenry, the greater the understanding and participation of the public in government". The authority for the request in this case, which was directed to the Legislature, must be found in either Public Officers Law § 88 or rule X, § 3 of the Rules of the Senate,* irrespective of the legislative declaration in Public Officers Law § 84. Based upon a review of those provisions, we are constrained to reverse Supreme Court because there is no authority permitting the release of the information requested by Weston. Both of the sources define with specificity the information the public may have access to and the material Weston requested does not fall within that information. Petitioners argue that the requested information is included within Public Officers Law § 88 (2) (e), which allows access to "internal or external audits and statistical or factual tabulations of, or with respect to, material otherwise available for public inspection and copying pursuant to this section or any other applicable provision of law". Inasmuch as no other part of Public Officers Law § 88 nor any other applicable provision of law specifically describes or mandates disclosure of the information requested by Weston, Public Officers Law § 88 (2) (e) is not applicable. Under the circumstances, we cannot say that respondent's denial of the request was arbitrary and capricious.

We have examined petitioners' other contentions supporting disclosure and find them to be without merit.

Mikoll, Crew III, White and Weiss, JJ., concur. Ordered that

---

* Public Officers Law § 87 is not applicable because the Legislature is not an agency (Public Officers Law § 86 [3]).

the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

